UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTHERA, INC., et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>                Defendant. | Case No.  14-cv-05014-EMC<br><br>**ORDER RE PARTIES' JOINT DISCOVERY LETTER BRIEFS OF NOVEMBER 6, 2015**<br><br>Docket Nos. 40, 41 |

Before the Court is a discovery dispute between the parties. Docket Nos. 40, 41.  Having considered the letter briefs and finding that good cause has been shown, the Court orders as follows:

First, Plaintiffs Corthera, Inc. and Thomas G. Wiggans propound interrogatories requesting that Defendant Scottsdale Insurance Company identify specific actions (including but not limited to motions, pleadings, legal research, and/or discovery), invoice entries, or charges that Defendant contends should not have been undertaken. Docket No. 40, Exh. A, Interrogatory Nos. 17 and 18. *Danaher Corp. v. Travelers Indemnity Co.*, Case No. 10 Civ. 0121(JPO)(JCF), 2015 WL 409525 (S.D.N.Y. Jan. 16, 2015) does not support Plaintiffs' contention that Defendant is required to identify every invoice entry it disagrees with.  However, the Court finds that Defendant's generalized responses are inadequate, and will require Defendant to provide a detailed response of its contentions with respect to the amount of overspending by categories of activities (*e.g.*, by particular pleading or document, stage of discovery, topic of investigation, research subject, etc.). The response must quantify the amount of hours Defendant claims were unreasonable and unnecessary, and provide sufficient detail to understand the nature of the work and activities associated with the challenged hours.

Second, Plaintiffs request information regarding whether in the past two years, Defendant

1  has paid hourly rates higher than those to panel counsel Gordon & Rees in any civil litigation in
2  California.  Docket No. 40, Exh. B, Interrogatory No. 8.  Defendant limited its response to "panel
3  counsel retained by Scottsdale to defend its insureds in commercial civil litigation in the San
4  Francisco area for the type of coverage provided by the Policy at issue in this action."  *Id.*  The
5  Court will require Defendant to respond whether it has paid higher rates to any counsel in
6  California for civil litigation related to intellectual property claims, like those at issue in the
7  underlying case *Florey Institute of Neuroscience & Mental Health v. Kleiner Perkins Caufield &*
8  *Byers*, Case No. 12-6504-SC.

9  Third, Plaintiffs request the production of documents as to retention of or consent to
10 defense counsel at rates higher than those paid by Defendant to Gordon & Rees, panel counsel
11 retained by Defendant, and documents relating to Defendant's agreement to represent insureds in
12 civil litigation in California by counsel other than panel counsel.  Docket No. 40, Exh. C, Request
13 for Production Nos. 9-11.  Defendant is required to provide the requested documents consistent
14 with the Court's order above, as this is a reasonable category of comparable cases that is relevant
15 to the instant litigation.  To the extent that the requested documents contain sensitive business
16 information, the parties may stipulate to a protective order.

17 Finally, Defendant requests that Plaintiffs provide verified supplemental responses to
18 Defendant's interrogatories requesting the identification of communications on the selection of
19 counsel to represent Mr. Wiggans in the underlying action.  Docket No. 41, Exh. A, Interrogatory
20 Nos. 2, 4; Exh. B, Interrogatory Nos. 2, 4.  The Court notes that Plaintiffs appear to already be in
21 the process of providing such responses, but will order that Plaintiffs continue to supplement their
22 responses and identify and/or describe the communications as requested.  However, to the extent
23 that Defendants are requesting that Plaintiffs provide detailed information about conversations that
24 they do not recall or of which they do not have personal knowledge, Defendant's request is denied.

25 **IT IS SO ORDERED**.

26 Dated: November 16, 2015

_____
EDWARD M. CHEN
United States District Judge