UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTHERA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>Defendant. | Case No. 14-cv-05014-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Docket No. 44 |

## I. INTRODUCTION

On November 20, 2015, Defendant Scottsdale Insurance Company filed its motion for partial summary judgment. Docket No. 45. Defendant also filed an administrative motion to seal certain portions of the motion and attached exhibits. Docket No. 44. Scottsdale's motion to seal is opposed by Plaintiff Corthera, Inc. Docket No. 49. Having reviewed the parties' filings, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to file under seal.

## II. DISCUSSION

A. Applicable Legal Standard

A party seeking to seal a judicial record submitted in connection with a dispositive motion bears the burden of establishing that "compelling reasons" support the sealing request. *See Kamakuna v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also O'Connor v. Uber Techs., Inc.*, Case No. 13-cv-3826 EMC, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015). More specifically, the party seeking to maintain records under seal must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure [of court records], such as the public interest in understanding the judicial process." *Kamakuna*, 447 F.3d at 1178-79 (internal

1   modifications and citations omitted).  In order to grant a motion to seal documents when applying
2   the "compelling reasons" standard, this Court must "base its decision on a compelling reason and
3   articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179
4   (citations omitted).  As a number of courts in this district have suggested, "only documents of
5   *exceptionally sensitive information*" will be kept from the public.  *Apple, Inc. v. Samsung Elecs.*
6   *Co., Ltd.*, No. 11-cv-1846-LHK, 2012 WL 2913669, at *2 (N.D. Cal. July 17, 2012) (emphasis
7   added); *see also Oracle Am. v. Google, Inc.*, No. 10-cv-3561-WHA, at ECF No. 540 (noting that
8   sealing motions "will be denied outright" unless counsel identified "a limited amount of
9   exceptionally sensitive information that truly deserves protection.").

B.   <u>Application of the Compelling Reasons Standard</u>

The Court now applies the above-described standard to the discovery materials sought to be sealed in Scottsdale's administrative motion.

1.   <u>Motion for Summary Judgment (Page 5)</u>

Scottsdale seeks to redact the rate charged by Hogan Lovells LLP in the defense of the *Florey* action.  As explained by numerous courts in this district, attorney rates are not privileged information that is sealable.  *See Linex Techs., Inc. v. Hewlett-Package Co.*, No. C-13-159, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014) (denying motion to seal billing rates); *Ferrington v. McAfee, Inc.*, Nos. 10-cv-1455-LHK, 11-cv-721-LHK, 2013 WL 3814474 (N.D. Cal. July 22, 2013) (denying motion to seal billing records, including billing rates); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-cv-3638-SC, 2013 WL 707918, at *2 (N.D. Cal. Feb. 26, 2013) (noting that billing rates and number of hours billed was non-privileged information).  The Court denies Scottsdale's request to seal its motion for summary judgment.  The motion for summary judgment shall be filed on the public docket with no redactions.

2.   <u>Kolari Declaration, Paragraph 8</u>

Scottsdale seeks to redact the rate charged by Hogan Lovells in the defense of the *Florey* action.  For the same reasons as above, the Court denies Scottsdale's request to seal, and the Kolari declaration shall be filed on the public docket with no redactions.

2

3. <u>Kolari Declaration, Exhibits 8 and 12</u>

Scottsdale seeks to redact the Wilson Sonsini Goodrich & Rosati (Wilson Sonsini) invoices, including Plaintiff Thomas G. Wiggans's contact information, the descriptions of the work performed, the billing rates, and Wilson Sonsini's federal tax identification number and bank account information.

First, Scottsdale argues that the invoice contains Mr. Wiggans's private contact information. Docket No. 44-1 (Harrison Dec.) at ¶ 4. However, the address is Mr. Wiggans's *business* contact information at Demira, Inc. Second, Scottsdale argues that the descriptions of work performed is protected as attorney work product and/or by the attorney-client privilege. Scottsdale's ability to invoke the privilege is highly questionable, as Scottsdale has no attorney-client relationship with Wilson Sonsini because Mr. Wiggans was the client, not Scottsdale. *See Consumer Fin. Prot. Bureau v. Morgan Drexen, Inc.*, Case No. SACV 13-1267-JLS (JEMx), 2014 U.S. Dist. LEXIS 183721, at *11 (C.D. Cal. Mar. 10, 2014) (noting that the attorney-client privilege "is personal and can only be asserted by the holder of the privilege, which is the client," and that therefore a non-client "has no protectable interest in preventing the disclosure of documents protected by attorney-client privilege"). Furthermore, Scottsdale has failed to explain with particularity which portions of the work descriptions are "exceptionally sensitive," so as to warrant sealing. *See Ferrington*, 2013 WL 3814474, at *2 (denying motion to seal descriptions of work performed where party "failed to identify with particularity which portions of the descriptions are likely to reveal litigation strategy"). Third, Scottsdale argues that the billing rates are confidential, but as discussed above, attorney rates are generally not privileged and not sealable. Finally, Scottsdale argues that Wilson Sonsini's federal tax identification number and bank account information is private and confidential. At least one court has found that bank account and routing numbers may be entitled to protection. *See In re Oldco M Corp.*, 466 B.R. 234, 238 (S.D.N.Y. 2012).

Therefore, the Court denies the motion to seal the Wilson Sonsini invoices, with the exception of the federal tax identification number and bank account information. Exhibits 8 and 12 shall be filed on the public docket with the federal tax identification number and bank account

information redacted.

4.  Kolari Declaration, Exhibit 11

Scottsdale seeks to redact reference to the rates for Gordon & Rees LLP and Wilson Sonsini at issue in this case. Harrison Dec. at ¶ 5. Scottsdale argues that these rates are confidential and proprietary. However, attorney rates are not privileged information that is sealable, and Scottsdale produces no facts or evidence establishing compelling reasons to seal this information. Exhibit 11 of the Kolari declaration must be filed on the public docket with no redactions.

5.  Kolari Declaration, Exhibit 16

Scottsdale seeks to redact references to the rates for Gordon & Rees LLP, as well as an offer in compromise to resolve the dispute between Scottsdale and Plaintiffs. Again, attorney rates are not privileged information, and Scottsdale produces no compelling reason to seal this information. As to the alleged offer to compromise, Scottsdale cites no authority that an offer to compromise is privileged and should as a general matter be sealed. *But see Own Capital, LLC v. Celebrity Suzuki of Rock Hill, LLC*, Case No. 11-10109, 2011 U.S. Dist. LEXIS 56224, at *9-12 (S.D. Mich. May 25, 2011) (denying motion to strike or seal an offer to compromise). There is also a serious question regarding whether the exhibit even concerns an offer to compromise, rather than a typical claim correspondence. *See* Docket No. 49 at 4. The unredacted letter has also been filed by Corthera, and Scottsdale has not moved to strike the unredacted letter from the record. *See* Docket No. 43-1 (Osias Dec.), Exh. T. Given the lack of compelling reasons and the fact that the unredacted letter is already in the record, the Court denies the request to seal. Exhibit 16 of the Kolari declaration must be filed on the public docket with no redactions.

This order disposes of Docket No. 44.

**IT IS SO ORDERED**.

Dated: January 11, 2016

_____
EDWARD M. CHEN
United States District Judge

4